IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES PRINCIPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 cv 01545 |
| v. | ) | |
| | ) | Honorable Marvin E. Aspen |
| VILLAGE OF MELROSE PARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PARTIAL RULE 12(b)(6) MOTION TO DISMISS

NOW COME Defendants, VILLAGE OF MELROSE PARK, RONALD SERPICO, and CHRISTINE PIEMONTE, by and through their attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and for their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Counts I, II, IV, V, and VI of Plaintiff's Complaint, state:

## INTRODUCTION

It is clear from the face of the Complaint that Plaintiff has not exhausted the administrative remedies available to him, which requires dismissal of the causes of action based on the Americans with Disabilities Act of 1990, the Illinois Human Rights Act ("IHRA"), and Title VII of the Civil Rights Act of 1964. Also, in regard to the ADA, Title VII, IHRA, and Illinois Whistleblower Act claims, Plaintiff cannot maintain such causes of action against the individually-named Defendants. Finally, there is no private cause of action for violation of the Village of Melrose Park Municipal Code.

Count I alleges violation of the ADA; Count II is for retaliation under Title VII and the ADA; Count III is an equal protection claim under 42 U.S.C. § 1983; Count IV alleges violation of the IHRA; Count V is for violation of the Illinois Whistleblower Act, 740 ILCS 174/1, et seq.;

Count VI is based on violation of municipal code; and Count VII seeks statutory indemnification. Defendants move to dismiss Counts I, II, IV, V, and VI, which would dismiss Defendant Piemonte entirely; leave Count III against Defendant Serpico; and leave Counts V and VII against the Village of Melrose Park.

## FACTS ALLEGED

The Village of Melrose Park (the "Village") fired Plaintiff, an employee of twenty-two years, after conducting an internal investigation and finding that Plaintiff committed a number of "garden variety" violations of the Village Handbook, including harassing employees, creating a hostile work environment, and bringing and displaying a handgun into Village Hall on numerous occasions. *See* **Plaintiff's Complaint, Doc. # 1, ¶¶ 9, 75, 77**. Plaintiff refers to the stated reasons for termination as "ginned up" and pretextual. (**Doc. # 1, ¶ 77**). Defendant, Ronald Serpico ("Mayor Serpico"), is Village Mayor, and Defendant, Christine Piemonte ("Piemonte), is the Director of Human Resources for the Village. (**Doc. # 1, ¶ 11-12**).

Plaintiff is a disabled individual with a record of a mental disability that includes a variety of mental health issues that create a number of impairments, including the inability to travel outside the geographic limits of the Village. (**Doc. # 1, ¶ 15-16**). Mayor Serpico has allegedly created a hostile work environment for Plaintiff based on Plaintiff's disability, including using profanity and making sexual comments. (**Doc. # 1, ¶¶ 2, 19-20**). Piemonte made up a story about Plaintiff bringing a gun to the Village and has made negative comments about Plaintiff to his co-workers. (**Doc. # 1, ¶ 34-36**). The discriminatory conduct goes back to June 2018. (**Doc. # 1, ¶ 19-28**). On January 30, 2020, Plaintiff reported the perceived violations of the ADA to his supervisor. (**Doc. # 1, ¶ 55-57**). That same day, Plaintiff filed a charge with the EEOC and the Illinois Department

of Human Rights ("IDHR"). (**Doc. # 1, ¶¶ 2, 8, 19-20, 58**).[1] The Village and its agents were aware of Plaintiff's conduct, including the protected activity. (**Doc. # 1, ¶ 78**). After filing his charge with the EEOC, the Village placed Plaintiff on paid administrative leave, conducted an internal investigation based on a number of charges alleged against Plaintiff, interviewed Plaintiff, and ultimately terminated him. (**Doc. # 1, ¶¶ 64, 70, 75, 77**). Plaintiff claims that the Village continued to retaliate against him after he was terminated by, among other things, notifying the Illinois Municipal Retirement Fund ("IMRF") of his termination more quickly than the Village had done in the past with other employees. (**Doc. # 1, ¶ 83**).

## **LEGAL STANDARD – Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, tests the sufficiency of the complaint. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this standard, the allegations in a complaint must do more than put forth a right to relief that is speculative. *Twombly,* 550 U.S. at 555-56. Allegations in a complaint may undermine a plaintiff's claim. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (citations omitted). To that end, while exhaustion of administrative remedies is an affirmative defense, dismissal under Rule 12(b)(6) is warranted where the complaint establishes the defense. *Garcia v. United States Postal Serv.*, 2015 WL 13050001, *2 (N.D. Ill. 2015) (Gottschall, J.) (citations omitted).

---

[1] While Plaintiff has not attached his EEOC charge to the Complaint, Defendants admit that he filed a charge with the EEOC and IDHR and has not received a "right to sue" letter. *See* Defendants' Answers, Doc. # 14-15, ¶ 8.

**ARGUMENT**

The absence of any allegations as to the exhaustion of administrative remedies is fatal to Plaintiff's claims under the ADA, Title VII, and the IHRA (Counts I, II, and IV, respectively). The Complaint also lacks allegations from which the individually-named Defendants can be held liable for violations of the ADA, Title VII, HRA, and the Illinois Whistleblower Act. Lastly, there is no private right of action for violation of the Village's Municipal Code.

**I.     Plaintiff's failure to exhaust administrative remedies is fatal to Counts II, II, and IV.**

By Plaintiff's own admission, he has not received a right to sue letter from the EEOC as to the administrative charge that forms the basis for Counts I, II, and IV. This precludes Plaintiff from bringing these claims because he has failed to exhaust administrative remedies, a prerequisite to bringing suit.

   *A. Failure to exhaust – ADA*

Prior to bringing his ADA claim to court, Plaintiff must first exhaust administrative remedies. *See* 42 U.S.C. § 12117(a); *see also*, *Wamack v. Windsor Park Manor*, 836 F. Supp. 2d 793, 797 (N.D. Ill. 2011) (Lefkow, J.) ("Before a plaintiff may file suit in federal court under the ADA, he must (1) file a timely charge with the EEOC, and (2) receive a right to sue letter from the EEOC.") (citation omitted). Plaintiff does not allege that he exhausted administrative remedies; in fact, the allegations on the face of the Complaint show that he has not done so – "Plaintiff requested his Right to Sue notice, but as of the date of filing, he has not received it." (**Doc. # 1, ¶ 8**). Because Plaintiff has rushed into court prior to exhausting the requisite administrative remedies associated with his ADA claim, Counts I and II should be dismissed. *Wamack*, 836 F. Supp. 2d at 797.

4

### B. Failure to exhaust – Title VII

For similar reasons as the ADA claims, the count based on the Title VII must be dismissed because of Plaintiff's failure to exhaust administrative remedies. In Illinois, to bring a Title VII claim, Plaintiff must file a charge with the EEOC and exhaust administrative remedies. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015) ("[t]he primary purpose of the EEOC charge requirement is twofold: it gives the EEOC and the employer a chance to settle the dispute, and it gives the employer notice of the employee's grievances"). Receiving a "right to sue" letter from the EEOC is a perquisite to filing suit under Title VII. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Filing suit prior to receipt of a "right to sue" letter is grounds for dismissal. *See Gragg v. Wenzak, Inc.*, 2011 WL 1331897, *4 (C.D. Ill. 2011) (dismissing Title VII ADA where the plaintiff did not receive "right to sue" letter from the EEOC). As set forth above, the Complaint states that Plaintiff has not exhausted administrative remedies – he has not received a "right to sue" letter; accordingly, Count II should be dismissed for failure to exhaust. *Id.*; *Doe*, 456 F.3d at 708.

### C. Failure to exhaust – IHRA

Having failed to allege that he received a final order from the Illinois Human Rights Commission concerning his cross-filed charge necessitates dismissal of Count IV. Under the IHRA, the Commission has the exclusive authority to address complaints made involving alleged violations of the IHRA. 775 ILCS 5/ 8–111(C); *Swidnicki v. Brunswick Corp.*, 23 F. Supp. 3d 921, 929 (N.D. Ill. 2014) (Leinenweber, J.) (citations omitted). Other than alleging that he filed a charge with IDHR, Plaintiff does not offer any other allegations that he has complied with the requirements of the IHRA to demonstrate administrative exhaustion. Lacking any allegations that he exhausted administrative remedies, Plaintiff's IHRA claim is not properly before this Court.

*Perez v. Cook Cnty. Sheriff's Office*, 2020 WL 777288, *3 (N.D. Ill. 2020) (Blakey, J.) ("Yet to access the federal courts to adjudicate an IHRA claim, plaintiffs must first exhaust the administrative remedies under the [IHRA] and possess a final order from the Illinois Human Rights Commission.") (citation omitted). Having failed to present a final order from the Illinois Human Rights Commission as to the charge Plaintiff filed, this Court lacks jurisdiction to hear Plaintiff's claims under the IHRA; therefore, Count IV should be dismissed. *Perez*, 2020 WL 777288 at *3; *Swidnicki*, 23 F. Supp. 3d at 929-30.

**II.     Plaintiff cannot maintain ADA, IHRA, Title VII, and Illinois Whistleblower claims against the individual Defendants.**

Because the individually-named Defendants are not Plaintiff's employer, they cannot be sued under the ADA, Title VII, the IHRA, or the Illinois Whistleblower Act. As such, the Court should dismiss these claims against the individually-named Defendants, with prejudice.

   *A.  Serpico and Piemonte are not liable under the ADA*

Counts I and II, based on the ADA, are labelled as "Plaintiff v. Village of Melrose Park, Illinois"; however, the prayer for relief requests damages from all Defendants. (**Doc. # 1, Counts I-II**). To the extent Count I and II under the ADA are asserted against the individually-named Defendants, said claims should be dismissed, with prejudice. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (affirming dismissal of ADA discrimination and retaliation claims against individual employees and collecting cases).

   *B.  Serpico and Piemonte are not liable under Title VII*

Again, Count II, based on Title VII, is labelled as "Plaintiff v. Village of Melrose Park, Illinois"; however, the prayer for relief requests damages from all Defendants. (**Doc. # 1, Count II**). For similar reasons, Plaintiff cannot assert Title VII claims against the individually-named Defendants. The Seventh Circuit has made it clear that Title VII liability extends to the employer,

not employees. *Passananti v. Cook Cnty.*, 689 F.3d 655, 662 n.4 (7th Cir. 2012) ("Title VII authorizes suit only against the employer. Individual people who are agents of the employer cannot be sued as employers under Title VII."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer...."). The Complaint is clear that the Village was Plaintiff's employer, not the individually-named Defendants, who have been named in their individual capacities. (**Doc. # 1, ¶¶ 9, 11-12**). Because Mayor Serpico and Piemonte were not Plaintiff's employer, they are not proper Defendants under Title VII; therefore, to the extent Count II is asserted against Mayor Serpico and Piemonte, it should be dismissed, with prejudice, as to the individually-named Defendants. *Passananti*, 689 F.3d at 662 n.4; *Williams*, 72 F.3d at 555.

### C. *Serpico and Piemonte are not liable under the IHRA*

Plaintiff cannot maintain IHRA claims against the individually-named Defendants because the IHRA does not provide for liability as to individual employees. Count IV seems to mix a claim of discrimination and retaliation under the IHRA into a single claim. Each will be addressed in turn.

#### i. IHRA discrimination claim

Illinois courts evaluate IHRA claims using the same framework employed in Title VII claims. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016). It is abundantly clear from the text of the IHRA, opinions of the Illinois Human Rights Commission, and the decisions of courts in this District that IHRA discrimination claims may only proceed against an individual's employer. *See Kozlowski v. Greenridge Farm, Inc.*, 338 F. Supp. 3d 828, 834–35 (N.D. Ill. 2018) (Feinerman, J.) (citing statute, multiple District court opinions, and Commission opinion). Here, Plaintiff alleges that he and the individually-named Defendants were all employees

of the Village, that the Village was aware of Plaintiff's protected conduct, that the Village placed Plaintiff on paid administrative leave pending an internal investigation; and that the Village ultimately terminated Plaintiff. (**Doc. # 1, ¶¶ 9, 11-12, 64, 70, 75-78**). In other words, the individually-named Defendants were not Plaintiff's employer, the Village was; and the Village terminated Plaintiff's employment. *Id.* Plaintiff cannot maintain IHRA discrimination claims against the individually-named Defendants; therefore, Count IV should be dismissed as to those Defendants. *Kozlowski*, 338 F. Supp. 3d at 835. (former employee could not maintain an IHRA discrimination claim against her former supervisor where the complaint alleged only that the supervisor was also an employee of the defendant employer).

      ii.    *IHRA retaliation claim*

Employees, acting in their official capacities, cannot be held liable for retaliation under the IHRA. *See Kozlowski*, 338 F. Supp. 3d at 835–36 (observing that the Illinois Supreme Court has not addressed the issue; however, appellate courts have declined to extend individual liability in IHRA retaliation claims); *Robinson v. City of Evanston*, 2017 WL 201374, *5 (N.D. Ill. 2017) (Ellis, J.) ("the Illinois state appellate courts have consistently held that the IHRA does not provide for liability against individual employees for retaliation.") (citation omitted). For example, in *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 2 (2012), a former employee of the Office of the State Appellate Defender brought numerous claims against the Office and the Appellate Defender individually, including claims pursuant to the IHRA. The appellate court affirmed dismissal of the IHRA claims asserted against the Appellate Defender personally. *Id.* In rejecting the plaintiff's contention that liability under the IHRA extends to individual employees, the court unambiguously found that the IHRA, "by no means allows for claims to be brought individually against company employees where the retaliation was not

8

personally motivated or done without the knowledge or consent of the employer." *Id.* at ¶ 37 (citing *Anderson v. Modern Metal Products,* 305 Ill. App. 3d 91, 102 (1st Dist. 1999)) (quotations omitted).

While there is possibly a narrow exception for bringing an IHRA retaliation claim against an individual employee under certain circumstances, this is not one of those circumstances based on the facts alleged. There are no allegations in the Complaint that the individually-named Defendants acted with personal motivation or without the Village's knowledge. In fact, the Complaint alleges that the Village fired Plaintiff after the Village and its agents learned of Plaintiff's purported protected and oppositional conduct. (**Doc. # 1, ¶¶ 9, 11-12, 64, 70, 75-78**). And he alleges that all of the individually-named Defendants work for the Village and acted under color of law. (**Doc. # 1, ¶ 11-12**). Accordingly, Plaintiff cannot maintain a cause of action against them under the IHRA for retaliation, and Count IV should be dismissed, with prejudice, as to the individually-named Defendants. *Kozlowski*, 338 F. Supp. 3d at 835–36; *Watkins*, 2012 IL App (1st) 111756, ¶ 37.

### D. *Serpico and Piemonte are not liable under the Illinois Whistleblower Act*

Plaintiff's fourth attempt to assert a statutory cause of action against the individually-named Defendants, where no such basis for liability exists, requires dismissal of Count V as to Mayor Serpico and Piemonte. The Illinois Whistleblower Act, 740 ILCS, 174/1, et seq. ("IWA"), creates a cause of action against just the employer. *Banks v. Chicago Bd. of Educ.*, 2013 WL 951111, *12 (N.D. Ill. 2013) (Leinenweber, J) (dismissing IWA claim against school principal) (citations omitted). Plaintiff does not allege Mayor Serpico or Piemonte are his employer, nor does he allege that they acted withing the scope of their respective authority.[2] The Complaint clearly

---

[2] While the IWA'a definition of employer includes, "a person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees," 740 ILCS 174/5, one court in the District has

9

alleges that Plaintiff's employer was the Village and Mayor Serpico and Piemonte are being sued in their individual capacities. (**Doc. # 1, ¶¶ 9, 11-12**). There is no basis for liability against Mayor Serpico and Piemonte under the IWA; therefore, Count V against the individually-named Defendants must be dismissed, with prejudice. *See Cunliffe v. Wright*, 51 F. Supp. 3d 721, 740 (N.D. Ill. 2014) (Darrah, J.) (Rule 12(b)(6) dismissal of IWA claims against individual defendants, with prejudice) (citations omitted).

### III.    There is no private cause of action for violation of Village Code.

In Count VI, Plaintiff is essentially asking the Court to issue a fine to the individual Defendants under Village Code. (**Doc. # 1, ¶ 119-123**). Specifically, Plaintiff would like the Court to issue a fine pursuant to § 1.16.010 of the Village's Code of Ordinances, a copy of which is attached hereto as **Ex. 1**. Plaintiff claims that the individual Defendants violated § 9.08.020 of the Village Code by interfering with his work, and, therefore, a fine is warranted. (**Doc. # 1, ¶ 119-123**); *see also* **§ 9.08.020, Ex. 2**. Defendants are unsure what legal theory would permit a court to essentially issue an administrative ticket on behalf of a municipality. Moreover, at least one court in the District has dismissed this sort of "cause of action." *See Mulligan v. City of Chicago*, 1994 WL 48603, *1-2 (N.D. Ill. 1994) (Holderman, J.) (in count seeking relief based on violation of municipal ordinance, the court observed, "The provision's only specified penalty—fines—is of a criminal, or at least quasicriminal, nature. Such fines would be payable to the municipality, not a private litigant."). Similarly, here, there is nothing in the Village's Code to indicate that the Village intended to create a private cause of action for employees that believe their work has been interfered with; rather, the Village Code quite clearly contemplates a quasi-criminal penalty, a fine,

---

observed that the language of the statute suggests that the Illinois legislature's intent was not "to impose individual liability on an employer's agents, but merely to express that the agents' acts are attributable to the employer." *Parker v. Ill. Human Rights Comm'n*, 2013 WL 5799125, *9 (N.D. Ill. 2013) (Gottschall, J.).

as alleged in the Complaint and as stated in the Village's Code. The Court should not entertain Plaintiff's request to issue administrative tickets and dismiss Count VI, with prejudice. *Mulligan*, 1994 WL 48603 at *1-2.

WHEREFORE, for the foregoing reasons, Defendants, VILLAGE OF MELROSE PARK, RONALD SERPICO, and CHRISTINE PIEMONTE, pray that this Honorable Court dismiss Defendant Piemonte entirely; and dismiss Counts I, II, IV, and VI of Plaintiff's Complaint, as set forth above, with prejudice, pursuant to Fed. R. Civ. P. Rule 12(b)(6), and for any and all such other relief as this Court deems equitable and just.

> Respectfully submitted,
> **VILLAGE OF MELROSE PARK, RONALD SERPICO, and CHRISTINE PIEMONTE**
>
> By: */s/ K. Austin Zimmer*
>       K./ Austin Zimmer
>       One of their attorneys

K. Austin Zimmer (6276227)
Joseph A. Giambrone (6309071)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000/F: (708) 222-7001
zimmer@dlglawgroup.com
giambrone@dlglawgroup.com