IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES PRINCIPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 cv 01545 |
| v. ) | |
| ) | Honorable Manish S. Shah |
| VILLAGE OF MELROSE PARK, et al., ) | |
| ) | |
| Defendants. ) | |

**PARTIES' JOINT INITIAL STATUS REPORT**

Now COME Plaintiff, JAMES PRINCIPE, and Defendants, VILLAGE OF MELROSE PARK, RONALD SERPICO, and CHRISTINE PIEMONTE, by and through their respective undersigned counsel, and for their Joint Initial Status Report, state:

1. The Nature of the Case

   a. Identify the attorneys of record for each party, including the lead trial attorney.

   Cass Thomas Casper (lead trial attorney)
   Talon Law, LLC
   105 West Madison Street, Suite 1350
   Chicago, IL 60602
   (312) 351-2478
   ctc@talonlaw.com
   *Attorney for Plaintiff*

   Gianna Rochelle Scatchell
   360 West Hubbard Street, 1404
   Chicago, IL 60654
   (312) 248-3303
   gia@lawfirm.gs
   *Attorney for Plaintiff*

1

       K. Austin Zimmer (lead trial attorney)
       Joseph A. Giambrone
       Del Galdo Law Group, LLC
       1441 South Harlem Avenue
       Berwyn, Illinois 60402
       P: (708) 222-7000/F: (708) 222-7001
       zimmer@dlglawgroup.com
       giambrone@dlglawgroup.com
       *Attorneys for Defendants*

b.    State the basis for federal jurisdiction.

    This Court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, and the United States Constitution; it also has supplemental jurisdiction under 28 U.S.C. § 1367.

c.    Describe the nature of the claims asserted in the complaint and any counterclaims.

    Count I alleges violation of the ADA against the Village of Melrose Park ("VOMP"); Count II is for retaliation under Title VII and the ADA against VOMP; Count III is an equal protection claim under 42 U.S.C. § 1983 against Mayor Ronald Serpico; Count IV alleging violation of the IHRA was dismissed pursuant to **Doc. # 25**; Count V is for violation of the Illinois Whistleblower Act, 740 ILCS 174/1, et seq. against all Defendants; Count VI based on violation of municipal code was dismissed pursuant to **Doc. # 25**; and Count VII seeks statutory indemnification as to VOMP.

d.    State the major legal and factual issues anticipated in the case.

    Defendants deny that they have violated Plaintiff's constitutional and statutory rights; it is Defendants' position that VOMP had a non-discriminatory basis for Plaintiff's termination.

e.    Describe the relief sought by the plaintiff(s).

    Plaintiff is requesting reinstatement to his prior position or a substantially-similar position within the administrative offices of the Village of Melrose Park, back pay and back benefits for all losses connected with Plaintiff's termination including losses to the value of his pension/retirement accounts, non-economic damages for emotional distress, pain, suffering, anguish, humiliation, loss of reputation, stigma, stigma-plus, and embarrassment resulting from his termination in excess of $100,000, payment of actual/compensatory damages, prejudgment interest, reasonable attorneys' fees, expert witness fees, costs, and any other relief to make Plaintiff whole, including compensation for lost earning power.

    These damages are based on the facts and legal issues set forth in the Plaintiff's First Amended Complaint. Plaintiffs reserve the right to amend his prayer for relief

and set forth additional damages as additional information becomes available during discovery.

2. Pending Motions and Case Plan

   a. Identify all pending motions.

   None.

   b. Submit a proposal for a discovery plan, including the following information:

      i. The general type of discovery needed;

      In addition to the mandatory initial disclosures, the parties will conduct written discovery, oral discovery, and third-party discovery via subpoena.

      ii. Issues Related to Discovery of Electronically-Stored Information.

      The Parties state that there are no issues relating to disclosure or discovery of electronically-stored information ("ESI"). When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, and it is not subject to any common law privilege, statutory privilege, or otherwise protected from disclosure, the Parties agree that responsive ESI will be provided by the producing party in a computer-readable electronic format and the receiving party reserves the right to request that the producing party provide hard copies of the ESI, with the receiving party bearing the cost of any requested hard-copy production.

      Defendants oppose third parties from having direct access to the VOMP computer systems and records, and may seek entry of a Confidentiality Order.

      Counsel for Plaintiff's sent two preservation requests to the VOMP's attorneys on or about January 30, 2020 and February 18, 2020. The undersigned attorneys have not yet discussed these requests.

      iii. Potential Discovery Problems.

      Since the individual Defendants' attorneys also serve as the general counsel for the Village of Melrose Park, Plaintiff anticipates some discord between the parties regarding certain documents designated as protected by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, law enforcement investigatory privilege, common interest privilege and other privileges by Defendants, which Plaintiff contends are discoverable.

        Defendants do not believe that their representation by the undersigned counsel in this matter will affect discovery. Defendants cannot take a position concerning what may or may not be discoverable or what may or may not be subject to any common law privilege, statutory privilege, or otherwise protected from disclosure, as the parties have yet to engage in discovery.

    iv.    A date for Rule 26(a)(1) disclosures;

        October 6, 2020.

    v.    A date to issue written discovery;

        October 20, 2020.

    vi.    A fact discovery completion date;

        March 12, 2021.

    vii.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

        The parties do not anticipate expert discovery at this time.

    viii.    A date for the filing of dispositive motions.

        April 23, 2021.

  c.  With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

    Plaintiff has requested a jury trial. The anticipated length of trial is five (5) days.

3.  Consent to Proceed Before a Magistrate Judge

  a.  Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

    The parties do not consent unanimously to proceed before a Magistrate Judge.

4.  Status of Settlement Discussions

  a.  Indicate whether any settlement discussions have occurred;

    Settlement discussions have not occurred.

  b.  Describe the status of any settlement discussions; and

    The parties have not engaged in settlement discussions.

    c.        Whether the parties request a settlement conference.

The parties do not request a settlement conference at this time.

Plaintiff's prayer for relief includes a proposal that this Court conduct a mediated settlement conference or refer the case to its court-annexed mediation program to assist the parties in bringing about a settlement of this case. Plaintiff remains open to settlement discussions and believes a settlement conference would be fruitful.

Respectfully submitted,

By: /s/ Gina R. Scatchell*

Gianna Rochelle Scatchell
360 West Hubbard Street, 1404
Chicago, IL 60654
(312) 248-3303
gia@lawfirm.gs
*Attorney for Plaintiff*
*with permission

Cass Thomas Casper
Talon Law, LLC
105 West Madison Street, Suite 1350
Chicago, IL 60602
(312) 351-2478
ctc@talonlaw.com
*Attorney for Plaintiff*

By: /s/ Joseph A. Giambrone

K. Austin Zimmer
Joseph A. Giambrone
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000/F: (708) 222-7001
zimmer@dlglawgroup.com
giambrone@dlglawgroup.com
*Attorneys for Defendants*